UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIOVANNI HUIPIO,

        Plaintiff,

v.

CITY OF SAN JOSE, et al.,

        Defendants.

Case No. 21-cv-07838-SVK

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 8

In this action, Plaintiff Giovanni Huipio alleges claims for civil rights violations and intentional infliction of emotional distress arising out of an attack on Plaintiff by a police dog. Dkt. 1 (Complaint). Defendant City of San Jose (the "City") and Defendant police officers Dustin Burnett, Steven Gaona, Bret Hatzenbuhler, Michael Jeffrey, Brandon Orlando, Jeffrey Profio, and Melissa Villasenor now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 8. All parties have consented to the jurisdiction of a magistrate judge. Dkt. 5, 7. This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

This recitation of facts is taken from the allegations in the Complaint (Dkt. 1). In September 2019, police officers employed by the City of San Jose responded to an alleged domestic violence incident at 1968 S. King Road in San Jose, where there is a single-story residence and two sheds. *Id.* ¶¶ 19-20. Over a period of several hours, at least a dozen officers including an arrest team, a search team, a K-9 unit, and a helicopter gathered at the site. *Id.* ¶ 22. These police teams included Defendant Michael Jeffrey, a police officer, and his K9 partner named Tex. *Id.* ¶¶ 23, 26. Officer Jeffrey and Tex were assigned to the arrest team to assist in searching for and apprehending Plaintiff, who was believed to be in the residence. *Id.* ¶ 26. After

K9 announcements were broadcast, the police, including the dog, searched the residence but found no one. *Id.* ¶¶ 24, 27.  Plaintiff was found lying on the floor in a shed with empty arms extended. *Id.* ¶ 28.  Officer Jeffrey ordered Tex to bite Plaintiff. *Id.*  Officer Jeffrey then grabbed Tex by the collar, and Tex dragged Plaintiff by his bitten leg. *Id.* ¶ 29.  Plaintiff was taken by ambulance to the hospital, where he was treated for bite wounds on his leg. *Id.* ¶ 30.  Plaintiff has visible scars from the puncture wounds on his leg more than a year after the incident. *Id.* ¶ 31.

On October 6, 2021, Plaintiff filed the Complaint in this case, naming as Defendants Officer Jeffrey, other police officers, and the City of San Jose.  Dkt. 1.  Defendants now move to dismiss the complaint.  Dkt. 8 (Motion); *see also* Dkt. 14 (Reply).  Plaintiff opposes the motion to dismiss.  Dkt. 10 (Opp.).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

### A. Sufficiency of Allegations Against Officers Profio, Hatzenbuhler, Villasenor, Orlando, Burnett, and Gaona

Defendants argue that the Complaint fails to allege sufficient facts about the actions of Officers Profio, Hatzenbuhler, Villasenor, Orlando, Burnett, and Gaona to state a plausible claim for relief against those Defendants. Motion at 5-7. The Court agrees. Although the Complaint alleges that Defendants Gaona, Villasenor, and Profio, along with Officer Jeffrey, arrived at the scene at some point during a four-hour period, it fails to allege facts relating to the use of force by any of those Defendants other than Officer Jeffrey. *See* Complaint ¶¶ 19-29. As to the remaining Defendants, Officers Hatzenbuhler, Orlando, and Burnett, the Complaint fails to contain factual allegations regarding their alleged involvement in the event at issue. *See, e.g., id.* The Complaint states that those Defendants were employed as police officers for the City (*id.* ¶¶ 12, 14, 15) who acted under the color of law and exceeded the authority vested in them "[b]y engaging in the conduct described below" (*id.*) but the Complaint fails to identify their alleged conduct.

Moreover, it is not clear whether Plaintiff is asserting that some individual Defendants were directly involved in the incident or are liable under a supervisory theory. *See Gillespie v. County of Alameda,* No. 20-cv-03735-DMR, 2020 WL 5106858, at *2 (N.D. Cal. Aug. 31, 2020) (stating that a defendant may be held liable as a supervisor if either (1) he or she were personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation) (citation omitted). This uncertainty is not cured, and is in fact exacerbated, by the sweeping allegation in the Complaint that "[e]ach defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or excessive use of force" and that "[e]ach defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission." Complaint ¶ 18.

For these reasons, the Complaint fails to meet the pleading standards of Rule 8, *Iqbal*, and *Twombly*. *See id.* Accordingly, the Court **GRANTS** Defendants' motion to dismiss the claims

against Defendants Profio, Hatzenbuhler, Villasenor, Orlando, Burnett, and Gaona. Because it is not clear that Plaintiff cannot overcome the deficiencies in his claims against these Defendants by amendment, the Court grants Plaintiff leave to amend those claims.

### B. Sufficiency of Allegations Against Officer Jeffrey

Defendants acknowledge that "[u]nlike the other Defendants, Officer Jeffrey is alleged to have taken specific actions: the Complaint claims the deployment of the police dog by Officer Jeffrey constituted excessive use of force in violation of the Fourth Amendment." Motion at 8. However, Defendants argue that to state a claim that Officer Jeffrey's actions were unlawful, "Plaintiff must allege facts that, if true, would makes those actions unreasonable." *Id.* Defendants argue that Plaintiff has failed to do so.

Peace officers violate the Fourth Amendment if they use more force than is objectively reasonable under the circumstances. *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000). Determining whether force used in making an arrest is excessive "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Plaintiff has pleaded specific facts that plausibly support a claim of excessive force against Officer Jeffrey. Plaintiff alleges that he was "laying on the floor in the shed with empty hands extended" and "[d]espite this submissive posture Officer JEFFREY ordered Tex to bite him." Complaint ¶ 28. Plaintiff further alleges that "[o]nce Tex bit [Plaintiff], Officer JEFFREY grabbed Tex by the collar effectively causing Tex to drag [Plaintiff] by his bitten leg." *Id.* ¶ 29. These allegations and the seriousness of Plaintiff's alleged injuries, if taken as true, plausibly support a claim at this early pleading stage that Defendant Jeffrey used excessive force. *See generally Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1006-07 (N.D. Cal. 2014). Accordingly, the Court **DENIES** the motion to dismiss the claims against Defendant Jeffrey.

4

### C. Sufficiency of *Monell* Claim

The Complaint names the City of San Jose as one Defendant. 42 U.S.C. § 1983 provides a cause of action against any "person" who, under color of law, deprives any other person of rights, privileges, or immunities secured by the Constitution or the United States. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). Although a municipality qualifies as a "person" under section 1983, a municipality cannot "be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Rather, "[l]iability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official capacity.' " *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Monell*, 436 U.S. at 694). As the Ninth Circuit recently cautioned, "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019).

Because the City is a public entity, to hold it liable under section 1983 Plaintiff must show: (1) he possessed a constitutional right of which he was deprived; (2) the City had a policy; (3) the City's policy amounts to deliberate indifference to Plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff may show the City's policy or custom by one of three methods: (1) by showing a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." *Ulrich*, 308 F.3d at 984–85.

"Allegations of *Monell* liability will be sufficient for the purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom

5

amounted to deliberate indifference, *i.e.*, show how the alleged deficiency was obvious and that the constitutional injury was likely to occur." *Tovar v. City of San Jose,* No. 5:21-cv-02497-EJD, 2021 WL 6126931, at *4 (N.D. Cal. Dec. 28, 2021) (citation omitted).

Defendants contend that Plaintiff fails to state a claim under *Monell* for several reasons. First, Defendants argue the municipality cannot be held liable for a constitutional violation under section 1983 because Plaintiff fails to allege any constitutional violation. Motion at 11. However, as discussed above, the Complaint plausibly alleges that Officer Jeffrey violated Plaintiff's constitutional rights.

Second, Defendants argue that even if Plaintiff pleads facts showing a constitutional violation, he fails to adequately allege any violation by the City. *Id.* at 11-17. The Complaint alleges that the City has "a constitutionally deficient policy, practice or custom which results in police dogs being used to injure people to effectuate unlawful arrests and searches" and that at the time of the incident at issue, "the City of San Jose's policies, practices or customs did not require Defendants to refrain from 'deploying' a police dog on an unarmed individual in their own home." Complaint ¶¶ 2, 34. The Complaint further alleges a prior incident in which a police dog with the San Jose Police Department bit a small child in her own home without provocation when police deployed the police dog to find the girl's uncle, causing the girl injuries that required medical treatment including stitches. *Id.* ¶¶ 35-36. The Complaint states that the City's "policies, inadequate training and supervision of Defendants was caused by the City's deliberate indifference to the civil rights of Plaintiffs to a reasonable expectation of privacy in their own home and to be free from excessive use of force, and were the moving force behind Defendants' violation of Plaintiffs' civil rights." *Id.* ¶ 37. The Complaint also contains other allegations regarding the City's policies and practices. *See, e.g., id.* ¶¶ 2-5, 43-52.

The Court finds the allegations of the Complaint insufficient to plead a plausible factual basis for the City to be held liable under *Monell*. In particular, Plaintiff fails to allege the substance of the City's alleged policy regarding the use of police dogs and fails to show how an allegedly deficient policy or other action of the City caused the constitutional injury Plaintiff alleges. *See Tovar*, 2021 WL 6126931, at *4. Moreover, Plaintiff does not establish any

6

correlation between the alleged former incident involving an attack by a police dog on a child and the City's alleged policy, or any correlation between that incident and the incident involving Plaintiff. Similarly, the Complaint's allegations regarding the City's alleged practice and custom surrounding the use of police dogs (*see, e.g.,* Complaint ¶¶ 2, 34) lack sufficient factual detail. The allegations regarding the City's alleged failure to train and supervise officers (*see, e.g., id.* ¶¶ 46-47) are also conclusory and lack necessary factual content, and they also lack any link between the alleged failure to train or supervise and any action taken by the City. *See Tovar*, 2021 WL 6126931, at *3.

Accordingly, the motion to dismiss the claims against the City is **GRANTED**. Because it is not clear that Plaintiff cannot overcome the deficiencies in his claims against the City by amendment, the Court grants Plaintiff leave to amend those claims.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is **DENIED** with respect to the claims against Defendant Jeffrey. As to the claims against the City and the other officer Defendants, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint within **14 days of the date of this order.**

**SO ORDERED.**

Dated: January 21, 2022

SUSAN VAN KEULEN
United States Magistrate Judge